**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TAMMYE DAVIS,**

       **Plaintiff,**

                                    **Civil Action 2:22-cv-2857**

    **v.**                              **Chief Judge Algenon L. Marbley**

                                      **Magistrate Judge Elizabeth P. Deavers**

**DISCOVER FINANCIAL SERVICES,**

       **Defendant.**

## OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 26), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendant's Motion to Dismiss Amended Complaint. (ECF No. 18 (the "Motion to Dismiss").) For the reasons that follow, the Motion to Dismiss (ECF No. 18) is **GRANTED**.

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on July 19, 2022. (ECF No. 1.) On August 24, 2022, the Court determined that Plaintiff's Complaint, ECF No. 1-1, violated Federal Rule of Civil Procedure 8(a) because it omitted a statement of the claim showing Plaintiff is entitled to relief and a request for relief, and the Court ordered Plaintiff to cure these deficiencies. (ECF No. 6.) On September 12, 2022, Plaintiff filed a letter to the Court providing some additional information regarding the nature of the claims at issue. (ECF No. 8.) On September 14, 2022, the Court directed Plaintiff to file an Amended Complaint which specifically articulated the bases of their alleged harassment and discrimination claims in a manner consistent with Federal Rule of Civil Procedure 8(a). (ECF No. 9.) On October 5, 2022,

Plaintiff filed an Amended Complaint, attached to which was another letter to the Court setting forth additional allegations.  (ECF No. 11.)  On October 7, 2022, the Court performed an initial screen of Plaintiff's Amended Complaint, liberally construing it to also include Plaintiff's other filings, and concluded that Plaintiff could proceed.  (ECF No. 12.)

On February 10, 2023, Defendant Discover Financial Services ("Discover") filed the subject Motion to Dismiss, generally arguing that Plaintiff has failed to state a claim upon which relief can granted.  (ECF No. 18.)  Discover argues that, "[e]ven when liberally construing this *pro se* Plaintiff's claims," the Amended Complaint "is utterly devoid of even the most basic factual allegations necessary to support her claims for relief."  (*Id.*)  Discover further argues that while "[i]t is entirely unclear what claim or claims Plaintiff is bringing against Discover," to the extent Plaintiff attempts to assert discrimination or harassment claims, she has failed to do so. (*Id.*)

On March 16, 2023, Plaintiff filed a response in opposition to the subject Motion to Dismiss.  (ECF No. 27.)  Plaintiff maintains that Discover "has fabricated a lie," and then discusses various facts related to the parties' Ohio Civil Rights Commission charge submissions, before concluding that she "clearly stated a valid reason" why the Court should deny the Motion to Dismiss.  (*Id.*)

On March 29, 2023, Discover filed a reply brief contending that Plaintiff "fail[ed] to substantively respond to any of Discover's arguments as to why her Amended Complaint must be dismissed" and that "Plaintiff does not even attempt to clarify the numerous deficiencies in her pleading."  (ECF No. 28.)  Discover concludes that "Plaintiff does not make a single legal argument or cite a single case that can salvage her claims from dismissal," and argues that the Court should dismiss Plaintiff's case with prejudice.  (*Id.*)

## II. STANDARD OF REVIEW

Defendant moves to dismiss the subject Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (internal citations omitted). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff,

accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

The Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). While the standard for construing pro se complaints is a liberal one, the complaint still must state a claim such that "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. General Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989)). A pro se pleading must still "provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Id.* at 977.

### III.    ANALYSIS

Against this background, the Court must agree that Plaintiff has failed to state a claim upon which relief could be granted, even under the less stringent standards applied to Plaintiff's *pro se* pleadings. Generously construing all of Plaintiff's filings together, the Court finds that Plaintiff fails to set forth facts to establish claims under Title VII of the Civil Rights Act of 1964 for discrimination and/or a hostile work environment. (*See generally* ECF Nos. 1-1, 1-2, 8, 11.)

4

As Discover correctly noted in the Motion to Dismiss, even taking all of Plaintiff's allegations as true, Plaintiff's legal claims fail.

First, to establish a *prima facie* case for Title VII discrimination, Plaintiff must allege that she was: (1) a member of a protected class; (2) subject to an adverse employment action; (3) qualified for the position: and (4) replaced by a person outside the protected class or treated differently than similarly situated employees. *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 303 (6th Cir. 2016) (holding that a plaintiff must show that they were "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and (4) replaced by a person outside the protected class or treated differently than similarly situated nonminority employees.") (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)).

Similarly, to establish a *prima facie* case for a hostile work environment, Plaintiff must allege: (1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on Plaintiff's protected class; (4) the harassment created a hostile work environment; and (5) employer liability. *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2022 WL 16715641, at *8 (S.D. Ohio Nov. 4, 2022) ("To establish a prima facie hostile-work-environment claim under Title VII, Plaintiff must show: "'(1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on sex[ ]; (4) the harassment created a hostile work environment; and (5) employer liability.'") (quoting *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 411 (6th Cir. 2021) (quoting *Ladd v. Grand Trunk Western R.R.*, 552 F.3d 495, 500 (6th Cir. 2009))).[1]

---

[1] To the extent Plaintiff has set forth facts to assert any of kind(s) of claim, the Court cannot discern what such claim(s) might be. Accordingly, the Court will limit its analysis to whether Plaintiff has stated a viable claim for Title VII discrimination or hostile work environment. *See Frengler*, 472 F.App'x at 976-77 ("[C]ourts should not have to guess at the nature of the claim asserted.").

But Plaintiff has failed to make such allegations.  First and foremost, Plaintiff has failed

to allege that she was a member of any protected class, a prerequisite for either of Plaintiff's

purported claims.  While Plaintiff alleges that Discover "has codes and clauses in place against

discrimination of any kind (i.e., racism, harassment, sexual orientation, etc.)," Plaintiff never

states the basis for the alleged discrimination or harassment in this case, let alone how Plaintiff

was a member of a protected class.  (*See* ECF Nos. 1-1, 1-2, 8, 11.)  If anything, Plaintiff appears

to allege that the alleged discrimination and harassment only started after a coworker accused

Plaintiff of being sexist towards women.  (*Id.*)  Needless to say, being accused of sexist conduct

does not place Plaintiff in a protected class.  And because Plaintiff failed to specify the type of

alleged discrimination or harassment at issue, and failed to allege that they belonged to a

protected class, their Title VII claims must fail.  *Wittman v. Durham Sch. Servs./Nat'l Express

Corp.*, No. 20-1888, 2021 WL 4239645, at *2 (6th Cir. Apr. 21, 2021) ("In his Title VII claim—

i.e., that the defendants refused to replace a verbally abusive coworker who created a hostile

work environment—Wittman did not allege that he belonged to a protected class, and thus his

Title VII claim must fail.").[2]

## IV.    CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss Amended Complaint, ECF No.

18, is **GRANTED**, as Plaintiff has failed to state a claim against Defendant.  This case is

---

[2] While this conclusion ends the judicial inquiry, the Court also notes that Plaintiff has failed to
sufficiently allege any of the other elements of the purported discrimination claim.  As to the
hostile work environment claim, Plaintiff has at most alleged that she was subjected to
unwelcomed harassment. But Plaintiff has likewise failed to allege any of the other elements of
the claim.  Regardless, because both of these claims are predicated on Plaintiff's membership in
a protected class, the Court need not expound upon these findings.

therefore **DISMISSED.**  The Clerk is **DIRECTED** to enter judgment in favor of Defendant

Discover Financial Services.

      **IT IS SO ORDERED.**


Date:  April 25, 2023                          /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE